IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEGHAN DEVRIES,<br>Individually and on Behalf of All Others Similarly Situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>ULTA BEAUTY, INC.,<br><br>    *Defendant*. | Case No. 1:18-cv-01219<br><br>Hon. Charles R. Norgle |

## ULTA BEAUTY, INC.'S MOTION TO DISMISS THE COMPLAINT

Defendant Ulta Beauty, Inc. ("Ulta Beauty" or "Defendant") respectfully submits this Motion to Dismiss Plaintiff Meghan DeVries' Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, Ulta Beauty relies on its contemporaneously filed Memorandum in Support and states as follows:

1. Plaintiff's Complaint[1] is a putative consumer class action seeking recovery on behalf of putative nationwide and Illinois damages classes of "[a]ll consumers [nationwide or in Illinois, respectively] who purchased used Beauty Products from Defendant," and putative injunctive relief classes of "[a]ll consumers [nationwide or in Illinois, respectively] who will purchase Beauty Products from Defendant in the future." Plaintiff's central allegations, based on

---

[1] For purposes of its Motion to Dismiss only, Ulta Beauty treats Plaintiff's well-pleaded allegations, but not her "legal conclusions, or threadbare recitals of the elements of a cause of action," as true. *Ray v. City of Chicago*, 629 F.3d 660, 662 (7th Cir. 2011) (quoting *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009)). However, although Ulta Beauty is required to treat well-pled allegations as true for purposes of this Motion, Ulta Beauty notes its objection that—contrary to Plaintiff's allegations—Ulta Beauty has no retail operations and is not the correct defendant in this matter, which Ulta Beauty intends to raise at an appropriate time.

anonymous social media posts and news articles, are that Ulta Beauty has an alleged practice of reselling returned, used cosmetics and that, as an alleged "frequent customer" of stores "located in the Chicago, Illinois area," she was defrauded, in particular when she purchased a shampoo that allegedly contained "less product than represented."

2. As explained in Ulta Beauty's Memorandum in Support, Plaintiff's Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim. Despite basing her Complaint on allegations of fraud, Plaintiff has not pled those allegations with "particularity" as required under Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiff must explain the "who, what, where, when, and how" of how she was allegedly deceived; instead, among other omissions, Plaintiff does not identify where or when she was allegedly deceived, or even all of the alleged products in connection with which she was allegedly deceived. (*See* Memorandum at 4–6.)

3. In addition to her failure to satisfy Rule 9(b), Plaintiff's claims under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and Illinois Deceptive Trade Practices Act ("IDTPA") should be dismissed to the extent that they are based on sales that occurred outside of Illinois to non-Illinois residents. It is well-settled that transactions occurring outside of Illinois to residents of other states do not occur "primarily and substantially in Illinois" and thus fail to give rise to a claim under the ICFA or IDTPA. Any ICFA and IDTPA claims for such putative class members should be dismissed. Her duplicative unjust enrichment claim should be dismissed to the same extent. (*See* Memorandum at 6–9.)

4. Plaintiff's other claims suffer from additional fatal defects: (1) Plaintiff failed to provide the required statutory notice in advance of filing her breach of implied warranty claims as required by Illinois law and failed to allege that she purchased products for a particular purpose that was known to Defendant; (2) there are no private causes of action under the Illinois Food Drug

and Cosmetic Act or the Illinois Salvage Warehouse and Salvage Warehouse Store Act; and (3) Plaintiff has not alleged a physical injury, which is a fundamental requirement of her claim for strict product liability. (*See* Memorandum at 9–14.)

WHEREFORE, for the reasons stated herein and in Defendant Ulta Beauty, Inc.'s Memorandum in Support, Ulta Beauty respectfully requests that the Court grant this motion and dismiss Plaintiff's Complaint, including Counts III, IV, V, and VI with prejudice.

DATED: March 15, 2018

Respectfully submitted,

Ulta Beauty, Inc.

By: */s/ Craig C. Martin*
     One of its attorneys

Craig C. Martin
Illinois Bar No. 6201581
Matt D. Basil
Illinois Bar No. 6242487
Paul B. Rietema
Illinois Bar No. 6300671
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
cmartin@jenner.com
mbasil@jenner.com
prietema@jenner.com
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

*Attorneys for Ulta Beauty, Inc.*

## **CERTIFICATE OF SERVICE**

I, Paul B. Rietema, an attorney, certify that I caused copies of the foregoing ***Defendant Ulta Beauty, Inc.'s Motion to Dismiss the Complaint*** to be served via the electronic filing system of the Northern District of Illinois, which will automatically serve all counsel of record.

*/s/ Paul B. Rietema*
*Attorney for Ulta Beauty, Inc.*