## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **MEGHAN DEVRIES,** | ) | |
| **individually and on behalf of all others** | ) | |
| **similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 1:18-cv-01219** |
| | ) | |
| **v.** | ) | **Hon. Charles R. Norgle** |
| | ) | |
| **ULTA BEAUTY, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## ULTA BEAUTY, INC.'S MOTION TO REASSIGN AND CONSOLIDATE

Defendant Ulta Beauty, Inc. ("Ulta Beauty"), by and through its undersigned counsel, respectfully submits the following Memorandum of Law in Support of its Motion to Reassign and Consolidate.

## INTRODUCTION

Plaintiff Meghan DeVries ("DeVries") filed this putative class action (the "DeVries Action") on February 8, 2018, in the Circuit Court of Cook Country, Illinois. (No. 1:18-cv-01219, Dkt. 1-3.) Ulta Beauty removed the action to this Court on February 16, 2018. (No. 1:18-cv-01219, Dkt. 1.) One month later, on March 7, 2018, Paula M. Ogurkiewicz ("Ogurkiewicz") filed another putative class action against Ulta Beauty (the "Ogurkiewicz Action"). Ulta Beauty also removed the Ogurkiewicz Action to the Northern District of Illinois, and it is now pending before Judge Manish S. Shah. (No. 1:18-cv-02445, Dkt. 1.)[1]

---

[1] Plaintiff in the Ogurkiewicz Action has agreed to extend the current deadlines in that case pending this Court's consideration of and ruling on this Motion to Reassign and Consolidate. (*See* Ogurkiewicz Action, No. 1:18-cv-02445, Dkt. 9.) The agreed motion to extend is pending Judge Shah's approval.

Ogurkiewicz's putative class action is a copycat suit that mirrors the allegations and claims from DeVries' Complaint. (*See* Exhibit 1 ("DeVries Complaint"); Exhibit 2 ("Ogurkiewicz Complaint").) Dozens of paragraphs of the Ogurkiewicz Complaint mimic the DeVries Complaint either word for word or with only minor, non-substantive differences. (*Compare, e.g.*, DeVries Compl. ¶ 5 ("In addition, as long as Defendant continues to surreptitiously resell used beauty products to its customers, Plaintiff and Injunctive Relief Class members are at risk . . . .") *with* Ogurkiewicz Compl. ¶ 9 ("In addition, as long as Ulta continues to surreptitiously resell used and expired beauty products to its customers, Plaintiff and Injunctive Relief Class members are at risk . . . ."), *and* DeVries Compl. ¶¶ 11–42 (section with thirty-one paragraphs of "Substantive Allegations") *with* Ogurkiewicz Compl. ¶¶ 15–47 (including the same thirty-one paragraphs with certain minor, non-substantive differences).)

Both DeVries and Ogurkiewicz allege to be customers who purchased beauty products from Ulta Beauty. Each alleges that Ulta Beauty has a policy or practice of reselling returned used beauty products, seeks to represent both national classes and certain Illinois-specific subclasses, and asserts the same seven common-law and statutory claims based on that alleged conduct. Neither alleges any physical harm from the products they purchased or has any personal knowledge of the supposed policies and practices alleged in their complaints. Instead, both cases rest on substantially the same set of public Twitter posts and other public media articles. Both actions seek the same relief.

In cases like these, which involve close-in-time lawsuits that share nearly identical factual and legal issues, arise from the same alleged events, and feature the same classes and subclasses, consolidating the actions before a single judge is, as the Seventh Circuit has explained, "by far the best means to avoid wasteful overlap."

## PROCEDURAL BACKGROUND

Plaintiff Meghan DeVries' putative class-action complaint was filed against Ulta Beauty in the Circuit Court of Cook County, Illinois, on February 8, 2018, and removed to this Court on February 16, 2018. (No. 18-cv-1219, ECF No. 1-3.) In her complaint, DeVries alleges that Ulta Beauty had a "practice of reselling used Beauty Products" at Ulta Beauty retail locations. (DeVries Compl. ¶¶ 15, 19.) DeVries alleges that, as a result, consumers "purchased used Beauty Products that they otherwise would not have purchased" and "suffered economic damages in the form of monies spent to purchase used Beauty Products from Defendant." (*Id.* ¶¶ 44–45.)

DeVries seeks to represent the following classes and subclasses:

    a. **Nationwide Damages Class**: "All consumers [nationwide] who purchased used Beauty Products from Defendant." (*Id.* ¶ 63.)

    b. **Illinois Damages Subclass**: "All Illinois consumers who purchased used Beauty Products from Defendant." (*Id.* ¶ 64.)

    c. **Nationwide Injunctive Relief Class**: "All consumers [nationwide] who will purchase Beauty Products from Defendant in the future." (*Id.* ¶ 65.)

    d. **Illinois Injunctive Relief Subclass**: "All Illinois consumers who will purchase Beauty Products from Defendant in the future." (*Id.* ¶ 66.)

DeVries asserts claims for (1) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; (2) violation of the Illinois Uniform Deceptive Trade Practices Act; (3) breach of implied warranty; (4) violation of the Illinois Food, Drug and Cosmetic Act; (5) violation of the Illinois Salvage Warehouse and Salvage Warehouse Store Act; (6) strict product liability; and (7) restitution/unjust enrichment. (*Id.* ¶¶ 72–193.) She is seeking economic, non-economic, and punitive damages, injunctive relief, and attorneys' fees. (*Id.*)

3

Paula M. Ogurkiewicz filed her putative class-action complaint against Ulta Beauty in the Circuit Court of Cook County, Illinois, on March 7, 2018, which was removed to the Northern District of Illinois on April 5, 2018.  (No. 1:18-cv-02445, ECF No. 1-3.)  The case was assigned to Judge Shah.  In her complaint, Ogurkiewicz, like DeVries, alleges that Ulta Beauty had a "practice of reselling used Beauty Products" at Ulta Beauty retail locations.  (Ogurkiewicz Compl. ¶ 24.)  Ogurkiewicz, like DeVries, alleges that, as a result, consumers "purchased used Beauty Products that they otherwise would not have purchased" and "suffered economic damages in the form of monies spent to purchase used Beauty Products from Ulta."  (*Id.* ¶¶ 52–53.)

Ogurkiewicz seeks to represent the following classes and subclasses, four of which are identical to the classes that DeVries seeks to represent:[2]

    a. **Nationwide Damages Class**: "All consumers [nationwide] who purchased used Beauty Products from Defendant."  (*Id.* at 13.)

    b. **Ultamate Rewards Damages Class Definition**: "All consumers [nationwide] who used Ultamate Rewards points towards the purchase of used Beauty Products from Defendant."   (*Id.* at 14.)

    c. **Illinois Damages Subclass**: "All Illinois consumers who purchased used Beauty Products from Defendant."  (*Id.*)

    d. **Nationwide Injunctive Relief Class**: "All consumers [nationwide] who will purchase Beauty Products from Defendant in the future."  (*Id.* at 14–15.)

    e. **Illinois Injunctive Relief Subclass**: "All Illinois consumers who will purchase Beauty Products from Defendant in the future."  (*Id.* at 15.)

---

[2] Unlike Ogurkiewicz, DeVries has not asserted a subclass consisting of customers who used Ultamate Rewards points to purchase allegedly used products.

Like DeVries, Ogurkiewicz asserts claims for (1) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; (2) violation of the Illinois Uniform Deceptive Trade Practices Act; (3) breach of implied warranty; (4) violation of the Illinois Food, Drug and Cosmetic Act; (5) violation of the Illinois Salvage Warehouse and Salvage Warehouse Store Act; (6) strict product liability; and (7) restitution/unjust enrichment. (*Id.* at 18–40.) She is seeking economic, non-economic, and punitive damages, injunctive relief, and attorneys' fees. (*Id.*)

## ARGUMENT

At minimum, the Ogurkiewicz Action should be reassigned to Judge Norgle under Local Rule 40.4. It satisfies three separate measures of relatedness and easily passes the efficiency requirements imposed by the Local Rules. The actions should also be consolidated under Federal Rule of Civil Procedure 42. Consolidation is the preferred practice in the Seventh Circuit for handling related cases and, here, would be the most efficient process for managing motion practice, discovery, class certification, and any eventual trial.

## I. The Ogurkiewicz Action Should be Reassigned to Judge Norgle

### A. The Ogurkiewicz Action Is Related to the Above-Captioned Case

"Under Local Rule 40.4(a), two civil cases are related if *one* or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." *Pactiv Corp. v. Multisorb Techs., Inc.*, 2011 WL 686813, at *4 (N.D. Ill. Feb. 15, 2011) (emphasis added); LR 40.4(a). Here, three of these conditions are met.

*First*, the two actions involve nearly identical alleged factual and legal issues. "If some of the same issues of fact or law are common, that can be sufficient to establish relatedness." *Glob.*

*Patent Holdings, LLC v. Green Bay Packers, Inc.*, 2008 WL 1848142, at \*3 (N.D. Ill. Apr. 23, 2008). Through dozens of substantively identical paragraphs, the plaintiffs in the DeVries and Ogurkiewicz actions assert the same allegations against the same defendant: both allege that Ulta Beauty had a policy or practice of repackaging and reselling products that were returned and that Ulta Beauty allegedly knew had been previously used. (*Compare, e.g.,* DeVries Compl. ¶¶ 16–22 *with* Ogurkiewicz Compl. ¶¶ 21–27.) Both suits assert the exact same seven causes of action, which turn on issues such as whether the alleged conduct, if true, was unfair and deceptive, whether it unjustly enriched Ulta Beauty, and whether injunctive relief is warranted. (*Compare* DeVries Compl. ¶¶ 72–193 *with* Ogurkiewicz Compl. at 18–40.) And both seek to proceed on behalf of the same four classes[3]; in fact, as alleged purchasers of used beauty products from Ulta Beauty, both DeVries and Ogurkiewicz are members of the other's putative class. (*Compare* DeVries Compl. ¶¶ 63–66 *with* Ogurkiewicz Compl. at 13–15.)

These cases share more than a *de minimis* overlap of issues. *See Helferich Patent Licensing, L.L.C. v. N.Y. Times Co.*, 2012 WL 1368193, at \*2 (N.D. Ill. Apr. 19, 2012) (concluding that two patent infringement actions were related because "[t]he commonality between [both cases] involve[d] nearly identical alleged infringing conduct and, thus, similar issues of claim construction"). "Local Rule 40.4(a) does not require exact congruence in facts and issues between two cases in order for them to be related; rather, it simply requires that the two cases share '*some of the same* issues of facts or law.'" *Id.* The similarities between the DeVries and Ogurkiewicz actions far exceed this low standard. *See, e.g., Int'l Bhd. of Teamsters Local 734 Health & Welfare Tr. Fund v. Phillip Morris, Inc.*, 34 F. Supp. 2d 656, 659 n.2 (N.D. Ill. 1998) (noting that the later-

---

[3] As noted above, Ogurkiewicz also seeks to represent one additional sub-class comprising "[a]ll consumers [nationwide] who used Ultamate Rewards points towards the purchase of used Beauty Products from Defendant." (Ogurkiewicz Compl. at 14.)

filed case was reassigned and consolidated with the instant action because they both "raise[d] completely identical questions of law and fact involving the same defendant"), *aff'd sub nom. Int'l Bhd. of Teamsters, Local 734 Health & Welfare Tr. Fund v. Philip Morris Inc.*, 196 F.3d 818 (7th Cir. 1999).

*Second*, both actions arise from the same alleged transactions or occurrences. The crux of the complaint in each action is the allegation—denied by Ulta Beauty—that Ulta Beauty had a policy of repackaging and reselling beauty products that were used and later returned. Illustrating their common core, Tweets posted by the same Twitter users (@fatinamxo and others) and the same media articles (e.g., *Business Insider*) feature heavily in both complaints. (*See, e.g.,* DeVries Compl. ¶¶ 15–22; Ogurkiewicz Compl. ¶¶ 19–27.) Accordingly, both cases grow out of the same alleged transactions or occurrences. *See, e.g., Pactiv*, 2011 WL 686813, at *4 (holding that two actions involved the same transaction or occurrence because both accused the same defendant of making, using, and offering for sale a product while infringing various patents); *Glob. Patent Holdings*, 2008 WL 1848142, at *3 (holding that actions against different defendants were related because they "share[d] a factual foundation in the form of the assertions").

*Third*, Ogurkiewicz seeks to represent every one of the proposed classes that DeVries seeks to represent. Both DeVries and Ogurkiewicz seek to represent "[a]ll consumers [nationwide] who purchased used Beauty Products from Defendant"; "[a]ll Illinois consumers who purchased used Beauty Products from Defendant"; "[a]ll consumers [nationwide] who will purchase Beauty Products from Defendant in the future"; and "[a]ll Illinois consumers who will purchase Beauty Products from Defendant in the future." (*See* DeVries Compl. ¶¶ 63–66; Ogurkiewicz Compl. at 13–15). That Ogurkiewicz also seeks to represent a sub-class of "[a]ll consumers who used Ultamate Rewards points towards the purchase of used Beauty Products from Defendant" does not

defeat the actions' relatedness, as only one of the classes involved in each action need to be the same for the actions to be related. *See Pactiv*, 2011 WL 686813, at *4; *see, e.g., Brunner v. Jimmy John's, LLC*, 2016 WL 7232560, at *2 (N.D. Ill. Jan. 14, 2016) (rejecting the defendants' contention that two collective actions under the Fair Labor Standards Act were not related because the first case involved "certain Ohio claims and classes not in [the second case], and [the second case] involve[d] certain Illinois claims and classes not in [the first case]").

### B.     The DeVries Action Should be Reassigned to Judge Norgle

If two cases are related, as the DeVries and Ogurkiewicz actions are here, Local Rule 40.4(c) permits reassignment of the later-filed action to the judge presiding over the lower-numbered docket if: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding."  LR 40.4(b).  There can be no dispute that factor (1) is met: both cases are pending in this Court (the Northern District of Illinois).  Factors (2), (3), and (4) are also easily satisfied.

The reassignment of the Ogurkiewicz Action would save substantial judicial time and effort.  LR 40.4(b)(2).  As discussed above, both actions involve the same defendant, the same alleged practice of reselling used products, four of the same classes of plaintiffs, the same seven legal claims, and the same relief.  "It would be a waste of limited judicial resources to require two judges to expend the time and effort necessary to understand the [legal and] factual issues involved in both cases when it could simply be handled by one judge."  *Helferich*, 2012 WL 1368193, at *3.  In addition, "reassigning the cases to the same judge would avoid potentially inconsistent or

conflicting rulings with regard to the common claims arising in each case." *Id.*; *see Blocker v. City of Chicago*, 2011 WL 1004137, at *3 (N.D. Ill. Mar. 16, 2011) ("Reassignment will . . . likely result in the disposition of both cases in a single consistent proceeding."). The judicial savings are particularly acute here, where the DeVries Action will proceed before Judge Norgle under the standard discovery schedule and, if not reassigned, the Ogurkiewicz Action would proceed before Judge Shah under the different schedule and requirements set out in the Mandatory Initial Discovery Pilot Project. Absent reassignment, the timing of discovery, class certification motions, and other major phases of the two cases—and resolution of related disputes—are unlikely to align. *See, e.g., Peery v. Chicago Hous. Auth.*, 2013 WL 5408860, at *2 (N.D. Ill. Sept. 26, 2013) (concluding that "the undoubted overlap in discovery issues between the two cases will result in substantial savings in both the Court's time and effort and the parties' time and effort").

The DeVries Action has not progressed to the point where designating the Ogurkiewicz Action as related would "delay the proceedings in the earlier case substantially." LR 40.4(b)(3). In the DeVries Action, DeVries and Ulta Beauty have recently completed briefing on DeVries' Motion for Remand and are in the process of briefing Ulta Beauty's Motion to Dismiss. Discovery has not yet begun, and no motion for class certification is pending.[4] Essentially, both cases are at the same stage: "no discovery has been conducted," and "little judicial effort has been expended thus far." *Glob. Patent Holdings*, 2008 WL 1848142, at *4; *see also KPASA, LLC v. United States*, 2004 WL 1144053, at *2 (N.D. Ill. May 17, 2004) (finding "no delay will result from consolidation and reassignment" where "all three cases are at precisely the same stage of litigation").

---

[4] On April 5, 2018, DeVries moved to stay briefing on Ulta Beauty's Motion to Dismiss, which, if granted, will slow progress in the DeVries Action. (No. 1:18-cv-01219, Dkt. 20.)

The cases are also susceptible of disposition in a single proceeding. LR 40.4(b)(4). This condition "does not require that the cases be completely identical to permit reassignment." *Pactiv*, 2011 WL 686813, at *5. "Rather, for this condition to be met, both actions must 'involve fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings . . . .'" *Helferich*, 2012 WL 1368193, at *3 (quoting *Pactiv*, 2011 WL 686813, at *5). As explained above, the actions involve identical legal claims and classes and seek the same damages and injunctive relief for the same alleged conduct: Ulta Beauty's alleged resale of used products. Indeed, the two complaints contain a list of *the same alleged 18 questions* of law and fact that they claim are common to the claims of each plaintiff and their putative class members. (*See* DeVries Compl. ¶ 69; Ogurkiewicz Compl. at 15–17.) In light of the essentially identical legal and factual similarities between the two cases, including their purported representation of four of the same classes on overlapping claims, the actions are susceptible to disposition in a single proceeding. *See, e.g., Helferich*, 2012 WL 1368193, at *3.

## C.     Reassignment Is Not Premature

Local Rule 40.4 provides that, "[i]n order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, [motions to reassign] should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved." LR 40.4(c). As Northern District of Illinois courts have recognized, this rule "does not explicitly require that a motion for relatedness and reassignment be made only after a party answers or otherwise pleads," *Freeman v. Bogusiewicz*, 2004 WL 1879045, at *1 (N.D. Ill. Aug. 11, 2004), and "does not prohibit the reassignment or consolidation of cases prior to the filing of a responsive pleading," *KPASA*, 2004 WL 1144053, at *4. In *Freeman*, for example, this Court granted the defendants' motion to reassign before the defendants answered either complaint

in the two underlying proceedings and rejected the plaintiff's contention that the defendants' motion was premature because the Court concluded that the parties had sufficient opportunity to file briefs in connection with the request. *Freeman*, 2004 WL 1879045, at *1.[5]

Ulta Beauty advised counsel for Ogurkiewicz that it intended to file this motion. Counsel for DeVries will have an opportunity to brief her position on the issues of relatedness, reassignment, and consolidation in response to this motion. Although Ogurkiewicz is not a party to the above-captioned action, Ulta Beauty has no objection to counsel for Ogurkiewicz, with the consent of the Court, filing a memorandum in the DeVries Action stating Ogurkiewicz's position on reassignment of the Ogurkiewicz Action to this Court and consolidation with the DeVries Action. *See Freeman*, No. 03-cv-02908, Dkt. 20 (response brief by plaintiff in higher-numbered case filed in lower-numbered case opposing reassignment motion).

## II.     The DeVries and Ogurkiewicz Actions Should Be Consolidated

In addition to reassignment, the Ogurkiewicz Action should be consolidated with the above-captioned case. The Seventh Circuit has instructed that consolidation is "by far the best means of avoiding wasteful overlap when related suits are pending in the same court." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999); *see also Blocker*, 2011 WL 1004137, at *2 ("The Seventh Circuit has emphasized that related cases pending within the same court should be consolidated before a single judge to avoid wasteful overlap."). Consolidation is permitted if two cases "involve a common question of law or fact." FED. R. CIV. P. 42(a)(2). This is a low threshold: even one common issue of fact or law is enough. *See id.* (providing that the court may consolidate two actions if they involve "*a* common question of law or fact" (emphasis

---

[5] Because it focuses on the time to answer or otherwise plead, the commentary to Rule 40.4 seems to be intended to ensure that reassignment not occur before *defendants* have appeared in the case. Here, Ulta Beauty has appeared in both actions, and there are no other named defendants.

11

added)).  This Court has often ordered reassignment and consolidation at the same time.  *See, e.g.,* *Brunner*, 2016 WL 7232560, at *4; *Blocker*, 2011 WL 1004137, at *3; *Pactiv*, 2011 WL 686813, at *5; *KPASA*, 2004 WL 1144053, at *5.

As explained above, the DeVries and Ogurkiewicz cases involve the same defendant and four of the same classes of plaintiffs and share numerous common questions of law and fact.  Both suits are predicated entirely on the allegation—grounded in the same public Twitter and other media posts and denied by Ulta Beauty—that Ulta Beauty has a policy of reselling used returned products.  Both suits seek the same damages and injunctive relief and assert the same causes of action and legal theories.  The complaints identify the exact same questions of law and fact common to the claims of each plaintiff and their putative class members.  (*See* DeVries Compl. ¶ 69; Ogurkiewicz Compl. ¶ 70.)  Accordingly, consolidation of these cases is warranted.  *See, e.g., Phillip Morris*, 34 F. Supp. 2d at 659 n.2 (noting that cases were reassigned and consolidated because both "raise[d] completely identical questions of law and fact involving the same defendant"); *Brunner*, 2016 WL 7232560, at *2 (reassigning and consolidating two collective actions because, "[a]t a minimum, . . . both involve [Fair Labor Standard Act ('FLSA')] claims for unpaid overtime based on highly similar allegations asserted on behalf of nationwide FLSA collectives of [the defendant's] assistant store managers"); *Ladenberger v. Nat'l Tech. Transfer, Inc.*, 2000 WL 1349247, at *2 (N.D. Ill. Sept. 19, 2000) (consolidating copyright and breach of contract case with later case asserting tort claims because "the factual scenario is similar and the legal issues are related," even where "the issues of law are not identical").

In light of the numerous factual and legal commonalities between the two cases, consolidation would allow both cases to "be dispatched with expedition and economy while providing justice to the parties" and thus would achieve the purpose of Rule 42 of the Federal

Rules of Civil Procedure. 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2381 (3d ed.). Consolidation would allow for more efficient motion practice, discovery, and trial preparation without causing delay in either case. *See, e.g.*, *Blocker*, 2011 WL 1004137, at *3 (concluding that, "[w]hile discovery has commenced in [the first action] and the [defendant] has not yet filed its answer in [the second action], any delay attributable to the consolidation and reassignment will be minimal since discovery is still in the early stages").

## CONCLUSION

For the reasons set forth above, Ulta Beauty respectfully requests that *Ogurkiewicz v. Ulta Beauty, Inc.*, No. 1:18-cv-02445, be reassigned to this Court and consolidated with the above-captioned matter.


Dated: April 6, 2018                                    Respectfully submitted,


                                                        /s/ *Craig C. Martin*

                                                        Craig C. Martin (6201581)
                                                        Matt D. Basil (6242487)
                                                        Paul B. Rietema (6300671)
                                                        Jenner & Block LLP
                                                        353 N. Clark Street
                                                        Chicago, IL 60654-3456
                                                        cmartin@jenner.com
                                                        mbasil@jenner.com
                                                        prietema@jenner.com
                                                        Telephone: (312) 222-9350
                                                        Facsimile: (312) 527-0484

                                                        *Attorneys for Ulta Beauty, Inc.*

## CERTIFICATE OF SERVICE

I, Paul B. Rietema, an attorney, certify that on this 6th day of April, 2018, a copy of the foregoing ***Memorandum of Law in Support of Ulta Beauty, Inc.'s Motion to Reassign and Consolidate*** was served via e-mail and first class mail to:

Patrick V. Dahlstrom
pdahlstrom@pomlaw.com
Louis C. Ludwig
lcludwig@pomlaw.com
POMERANTZ LLP
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181

Gustavo F. Bruckner
gfbruckner@pomlaw.com
Samuel J. Adams
sjadams@pomlaw.com
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

*Attorneys for Plaintiff and Putative Classes*

                     /s/ *Paul B. Rietema*
                    *Attorney for Ulta Beauty, Inc.*